**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **25-Cv-2556** |
| | ) | |
| DENLER AND SONS, INC., | ) | |
| an Illinois corporation, d/b/a DENLER, INC., and | ) | |
| DAVID J. DENLER, individually, | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT

Plaintiff Central Laborers' Pension Fund , by its attorneys, complain against Defendants DENLER AND SONS, INC., d/b/a DENLER, INC., and DAVID J. DENLER, as follows:

## COUNT I
against
DENLER AND SONS, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.      Plaintiff is a multiemployer pension fund established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.      Plaintiff receives fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  Plaintiff's right to receive fringe benefit contributions also arises pursuant to participation agreements between Plaintiff and employers.

4.      DENLER AND SONS, INC., which has an assumed name of DENLER, INC. registered with the Illinois Secretary of State under which it does business, is an Illinois corporation doing business in (and with its principal place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). DENLER AND SONS, INC.  is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

5.      DENLER AND SONS, INC.  became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  Copies of signature pages of such collective bargaining agreements are attached as *Exhibit 1*.  DENLER AND SONS, INC. has never terminated the collective bargaining agreements and they remain in effect.

6.      By virtue of certain provisions contained in the collective bargaining agreement(s), DENLER AND SONS, INC. became a party to and bound by the Plaintiff's trust agreements.

7.      DENLER AND SONS, INC. became a party to and bound by one or more participation agreements with the Plaintiff.  No party has terminated the participation agreements, and they remain in effect.

2

8. By virtue of certain provisions contained in the participation agreement(s), DENLER AND SONS, INC. became a party to and bound by the Plaintiff's trust agreements.

9. DENLER AND SONS, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff.

10. DENLER AND SONS, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

11. DENLER AND SONS, INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiff.

12. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, DENLER AND SONS, INC. is required to make fringe benefit contributions and dues payments to Plaintiff on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, DENLER AND SONS, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

13. Based on employer reports, DENLER AND SONS, INC. failed and refused to timely pay all contributions and work dues for the following months when due in accordance with

3

the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

| | |
|---|---|
| Late Contributions (5/2024 / Local 309): | $4,632.20 |
| Late Contributions (7/2024 / Local 309): | $4,527.60 |
| Late Contributions (7/2024 / Local 703): | $17,652.12 |
| Late Contributions (8/2024 / Local 393): | $2,902.74 |

14.     The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions that remain unpaid on the 15th day of the month next following the month for which the contributions are due.  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

15.     Because contributions were not paid when due, DENLER AND SONS, INC. incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | |
|---|---|
| Late Penalty (5/2024 / Local 309): | $463.32 |
| Late Penalty (7/2024 / Local 309): | $452.76 |
| Late Penalty (7/2024 / Local 703): | $1,765.21 |
| Late Penalty (8/2024 / Local 393): | $290.27 |
| **Total** | **$2,971.56** |

16.     The total amount owed by DENLER AND SONS, INC. pursuant to the trust agreements is not less than $2,971.56 in late payment penalties.

17.     DENLER AND SONS, INC. has failed and refused to pay the amount of $2,971.56 known to be due to Plaintiff.

4

18.     Plaintiff has been required to employ the undersigned attorneys to identify and pursue collection of the amount due from DENLER AND SONS, INC.

19.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff for attorney's fees and costs.

20.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."


WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment against DENLER AND SONS, INC. in favor of Plaintiff.

B.      Order DENLER AND SONS, INC. to pay Plaintiff not less than $2,971.56.

C.      Order DENLER AND SONS, INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff.

D.      Order DENLER AND SONS, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

E.      Grant Plaintiff such other and further relief as may be just.


## COUNT  II
Against DAVID J. DENLER
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

21.     Plaintiff realleges paragraphs 1 - 20 of Count I.

22.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

Breach of Contract / Trust Agreements

23.     Plaintiff is advised and believes that DAVID J. DENLER is the president and secretary of DENLER AND SONS, INC. and is in control of the corporation.  Further, Plaintiff is advised and believes that DAVID J. DENLER is a director and chief executive officer of DENLER AND SONS, INC.

24.     Pursuant to the collective bargaining agreements to which DENLER AND SONS, INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff as a result of such conduct.

25.     Pursuant to the trust agreements establishing the Plaintiff, to which DENLER AND SONS, INC. and DAVID J. DENLER agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff as a result of such conduct.

26.     Plaintiff is informed and believe that DAVID J. DENLER did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the collective bargaining agreement, making DAVID J. DENLER personally liable for the money owed to the Plaintiff by DENLER AND SONS, INC.

<u>Piercing the Corporate Veil</u>

27.     There is a unity of interest and ownership between DENLER AND SONS, INC. and DAVID J. DENLER such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making DAVID J. DENLER personally liable for the money owed to the Plaintiff by DENLER AND SONS, INC.

<u>Alter Ego and/or Single Employer</u>

28.     Upon information and belief, and at all times material to this complaint, DENLER AND SONS, INC. and DAVID J. DENLER have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

29.     Based on their nature and activities as alleged the preceding two paragraphs, DENLER AND SONS, INC. and DAVID J. DENLER constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer.  DAVID J. DENLER is therefore bound by the terms of the collective bargaining agreements, participation agreements, and the trust agreements, making him personally liable for the money owed to Plaintiff by DENLER AND SONS, INC.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment against DAVID J. DENLER in favor of Plaintiff.

B.      Order DAVID J. DENLER to pay Plaintiff $2,971.56, plus any additional amount shown to be due.

C.      Order DAVID J. DENLER to pay interest, costs, and reasonable attorneys' fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

D.      Order DAVID J. DENLER to pay punitive damages.

E.      Grant Plaintiff such other and further relief as may be just.


Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.


By:   /s/ *Richard A. Toth*
        One of their attorneys



GEORGES AND SYNOWIECKI, LTD.
*Attorney for Plaintiff*
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

MAY/19/2021/WED 08:11 AM    Laborer's Union 309    FAX No. 3097865486              P. 001/001

15995

2323H
15995

*** PLA Agreement for 2021 Crack Sealing Project in Moline, IL

The undersigned employer signatory hereto who is not a member of the said Association agrees to be bound by any amendments, extensions or changes in this agreement agreed to between the Union and the Association, and further agrees to be bound by the terms and conditions of all subsequent contracts negotiated between the Union and Association unless sixty (60) days prior to the expiration of this or any subsequent agreement said non-member employer notifies the Union in writing that it revokes such authorization.  Further, said non-member employer agrees that notice served by the Union upon said Association and Mediation Services for reopening, termination or commencement of negotiations shall constitute notice upon and covering the non-member employer signatory hereto.

These increases shall be added to wages, fringe benefits and/or programs as determined by the Union.

The undersigned Employer hereby becomes a signatory Employer to this Agreement between the Associated Contractors of the Quad-Cities and the Laborers' International Union of North America, Local Union No. 309.

COMPANY NAME _Denler, Inc._

ADDRESS _20502 S. Cherry Hill Rd._

CITY, STATE, ZIP _Joliet, IL  60433_

TELEPHONE _708 479 5005_

FAX _708 479 5015_

BY _Tom M_

TITLE _President_

DATE _5/17/21_

49



15995

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Dealer, Inc | Kevin W. Day |
| Name of Business | Authorized Signature |
| 20502 S. Chedy Hill Rd. | |
| Address | Executive Director |
| | Title |
| Joliet, IL 60433 | |
| City/State/Zip Code | LOCAL UNION |
| 708 479 5005 | Territory in which Agreement signed: Local 703 |
| Telephone | Russell Danport |
| | Authorized Signature |
| Authorized Signature | Business Manager |
| President | Title |
| Title | 6/26/24 |
| 6/25/24 | Date |
| Date | |

PLA's For
1) City of Urbana — 2024 Crack Sealing Project
2) City of Danville — 2024 Crack Sealing Project

RECEIVED
OCT 22 2024

Revised January ____, 2015.